IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK FLOWERS,<br><br>      *Plaintiff,*<br><br>v.<br><br>REMINGTON LODGING AND<br>HOSPITALITY, LLC,<br><br>      *Defendant.* | CIVIL ACTION<br>NO. 17-1087 |

**PAPPERT, J.**                                                                                         July 17, 2017

<u>**MEMORANDUM**</u>

Frank Flowers sued Remington Lodging and Hospitality, LLC, a hotel management company, for wrongful termination under Title VII of the Civil Rights Act of 1964. When Flowers served Remington's agent with the Complaint on March 21, 2017, the agent mistakenly assumed it was part of an unrelated lawsuit between Flowers and the owner of a hotel Remington managed, not Remington itself. As a result of this and other errors, Remington failed to respond to the Complaint and on May 23, 2017, the Clerk of Court entered default. Remington now moves to set aside the entry of default.[1] For the reasons stated below, the Court grants the motion.

**I.**

Flowers worked as the Director of Food and Beverage for an Embassy Suites Hotel in Philadelphia. (Compl. ¶¶ 13 & 19.) The Hotel is managed by Remington and owned by Ashford Philly LP. (Def.'s Mot., at 2, ECF No. 4-1.) In July of 2016, Flowers sued Ashford and others in the Philadelphia County Court of Common Pleas to recover

---

[1]       Remington styles its motion as one to set aside default judgment. (ECF No. 4.) While the Clerk of Court has entered default, the Court has not entered default judgment against Remington. The Court will therefore treat the motion as one to set aside the entry of default.

1

for injuries he allegedly suffered in a March 2015 fall at the Hotel. *See* (Compl. ¶ 21–22); (Def.'s Mem., at 2). Remington was not named as a defendant in that lawsuit, but received a copy of the Complaint, which it delivered to Ashford. (Def.'s Mem., at 2.) That suit remains pending. *See generally* Docket, *Flowers v. Ashford Philly LP, et al.*, No. 160700805 (Phila. Ct. Comm. Pleas 2016).

On March 10, 2017, Flowers sued Remington in federal court for wrongful termination. (Compl. ¶ 2.) On March 21, Flowers properly served a supervisor at the Hotel with the Complaint. (Def.'s Mem., at 2.) The supervisor emailed a copy of the Complaint to Remington's paralegal, Brandon Stewart, who mistakenly believed the Complaint was related to Flowers's already-pending lawsuit against Ashford. (*Id.*) Stewart thus forwarded the Complaint to Ashford, which responded that it had not been named in the Complaint. Stewart nevertheless failed to recognize that further action was required from Remington. (Stewart Decl. ¶ 10, ECF No. 4-2.) As a result Remington never responded to the Complaint.

On May 23, 2017, Flowers filed a Request for Entry of Default, and the Clerk of Court entered default the same day. *See* (ECF No. 3); (Def.'s Mem., at 3). Three days later, Remington moved to set aside the entry of default. *See* (ECF No. 4). Flowers has not responded to Remington's motion.

## II.

Federal Rule of Civil Procedure 55(c) permits the court to set aside the entry of default "for good cause." FED. R. CIV. P. 55(c). "That determination is made in the sound discretion of the court." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2001) (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95

(3d Cir. 1984)). Whether good cause exists depends on three factors: (1) whether the plaintiff will be prejudiced if the default is set aside; (2) whether the defendant has a meritorious defense; and (3) whether "the default was a product of the defendant's culpable or inexcusable conduct." *Id.* (citation omitted). In evaluating these factors, all doubts are to be resolved in favor of the defaulting party. *See Maaco Enters., Inc. v. Beckstead*, No. 02-853, 2002 WL 31757608, at *2 (E.D. Pa. Dec. 9, 2002); *see also Dizzley*, 202 F.R.D. at 147 (noting that "the entry of a default is not favored").

### III.

Remington contends that Flowers will not be prejudiced if the entry of default is set aside, that it has at least one meritorious defense to Flowers's action against him and that its failure to respond to the Complaint was not the result of willful bad-faith conduct. (Def.'s Mot., at 3.)

### A.

Setting aside the entry of default will not prejudice Flowers. Prejudice exists when setting aside an entry of default would impair a plaintiff's ability to pursue his claim. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–57 (3d Cir. 1982). The "loss of available evidence, the increased potential for fraud or collusion, and the plaintiff's substantial reliance on the default" support a finding of prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assocs. Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000). Being forced to "litigate an action on the merits rather than proceed by default does not," however, "constitute prejudice." *Id.*

Flowers has not responded to Remington's motion to set aside the entry of default and therefore has not shown the loss of any available evidence since the entry of

3

default against Remington. And given the relatively short time between entry of default and the Court's decision on this motion, it is doubtful that any available evidence will ultimately be lost. *Cf. Braverman Kaskey, P.C. v. Toidze*, 599 F. App'x 448, 453 (3d Cir. 2015) (finding potential for prejudice against plaintiff given that the case had been pending for six years). Nor does the record suggest an increased potential for fraud or substantial reliance on the default. Granting Remington's motion to set aside the entry of default will merely require Flowers to litigate his claim on the merits.

**B.**

Remington has a meritorious defense. To establish a meritorious defense, a defendant must state a defense that, if substantiated, would constitute a complete defense to the action. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). "[A] 'meritorious defense' can be a defense of any variety—whether a dispute of material fact[;] . . . an affirmative defense; *the contention of failure to state a claim*; or lack of subject matter jurisdiction . . . ." *Collura v. Ford*, 2016 WL 409228, at *12 & nn.10–11 (E.D. Pa. Feb. 3, 2016) (emphasis added). In its proposed answer Remington asserts, among other affirmative defenses, that Flowers has failed to state a claim upon which relief can be granted. *See* (ECF No. 4-2, at 5). This factor therefore weighs in favor of granting Remington's motion to set aside the entry of default.

**C.**

Finally, the entry of default was not the result of Remington's culpable or inexcusable conduct. A defendant's conduct is culpable where he or she "act[s] willfully or in bad faith." *Feliciano*, 691 F.2d at 657. This requires "more than mere negligence."

*Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984).  Willful or bad-faith conduct can be established when a defendant purposefully declines to fulfill their responsibility to file a response with the Court.  *See, e.g.*, *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984).  When a defendant "demonstrate[s] negligence that had a dilatory result, but . . . does not demonstrate dilatory intent or bad faith," the entry of default was not the result of inexcusable conduct by the defendant.  *Dizzley*, 202 F.R.D. at 148.

When Stewart received Flowers's Complaint in this case, he mistakenly believed the Complaint related to the already-pending case between Flowers and Ashford Philly, LP.  *See* (Stewart Decl. ¶ 9).  Despite Ashford's explanation to the contrary, Stewart failed to take any further action, and Remington therefore failed to respond.  *See* (*id.* ¶¶ 6–11).  Nothing in the record supports the conclusion that this error was the result of deliberate misconduct or bad faith.  Remington's failure appears instead to be attributable to Stewart's mere negligence.  Remington filed its motion to set aside the entry of default and attached its proposed answer to the Complaint three days after the default was entered, suggesting unintentional neglect of Flowers's Complaint as well as a willingness to comply with the applicable procedures and deadlines going forward.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.